RAYMOND NARDO, P.C.
129 Third Street
Mineola, NY 11501
Tel: (516)248-2121
Fax: (516)742-7675
Nardo@Raynardo.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Matthew Weiss,

                Plaintiff,

   --against—

Yotta Technologies, Inc.,

                Defendant.
---------------------------------------------------------------X

**COMPLAINT**

**22-CV-8569**

Matthew Weiss, Plaintiff herein, by his counsel, alleges and complains of Defendant, Yotta Technologies, Inc., ("YTI") as follows:

**PRELIMINARY STATEMENT**

1. Matthew Weiss ("Plaintiff" or "Weiss") is a victim of identity theft.

2. The perpetrator, who is unknown to Plaintiff, unlawfully transferred funds from Plaintiff's bank account with YTI to unknown accounts.

3. Plaintiff promptly and repeatedly disputed the charges with YTI.

4. Despite its obligation under the EFTA to promptly credit Plaintiff's account in full, Defendant refused to credit Plaintiff's account for the stolen funds.

5. Plaintiff brings claims against Defendants for violations of the Electronic Fund

Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, and New York General Business Law § 349 ("NYGBL § 349").

## JURISDICTION AND VENUE

6. The Court has jurisdiction pursuant to 15 U.S.C. § 1693m and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

7. Jurisdiction over Plaintiff's claim for declaratory relief is conferred by 28 U.S.C. § 2201.

8. Venue is proper in this District because Defendant resides in this District, a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendant regularly conducts business here.

## THE PARTIES

9. Plaintiff Weiss is a natural person and citizen of New York residing in Suffolk County, New York.

10. Plaintiff is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6).

11. At all times relevant, Plaintiff's savings account with Defendant YTI were used for personal, family, or household purposes.

12. Defendant YTI is a national banking association formed under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by the EFTA, 15 U.S.C. § 1693a(9).

13. Defendant YTI is located at 33 Irving Place New York, NY 10011, in the Southern District of New York.

14. According to Defendant, "Yotta Savings is a startup that helps people save money

and win prizes up to $10 million through weekly number draws. It is a provider of a financial saving platform used to assist users to become financially secure. Its platform offers a chance to its users to win big just by saving in the form of a lottery, thereby enabling users to save more."

## FACTS

15. On or about February 2022, Weiss opened a savings deposit account, checking account, debit card, and credit card, with YTI that was primarily used for personal, family, or household purposes, pursuant to 15 U.S.C. §1693(a)(2).

16. Plaintiff learned of 11 unauthorized electronic funds transfers (15 U.S.C. §1693a(12) from his checking account, without Weiss' authorization, none of which were for his benefit, in violation 15 U.S.C. §1693a(12).

17. Within 60 days of the unauthorized transfers, Weiss notified YTI of the 11 unauthorized transfers as follows:

    a. $5,000 on July 2, 2022

    b. $2,400 on July 2, 2022

    c. $2,500 on July 7, 2022

    d. $2,490 on July 7, 2022

    e. $5,000 on July 9, 2022

    f. $2,400 on July 9, 2022

    g. $7,500 on July 17, 2022

    h. $2,500 on July 17, 2022

    i. $2,500 on July 21, 2022

    j. $5,000 on July 24, 2022

      k.  $5,000 on July 24, 2022

18. These unauthorized transfers from Mr. Weiss' account were made without Mr. Weiss' consent and, upon information and belief, went to one or more accounts of unknown third parties.

19. Mr. Weiss received no benefit from the unauthorized transfers.

20. After he discovered the unauthorized transactions, Mr. Weiss immediately informed YTI of the unauthorized, fraudulent transfers, on 11 separate occasions, within the 60 day time limit set forth in the EFTA, 15 U.S.C. § 1693f.

21. Once notified, YTI was required, to investigate these errors, within ten business days.

22. Alternatively, the institution may, within ten business days, provisionally recredit the consumer's account for the alleged error pending the conclusion of such investigation, provided that the investigation is concluded within forty-five days of the receipt of notice of the error. Id. at § 1693f(c).

23. In either event, the bank must notify the consumer of the results of its investigation. § 1693f(f).

24. YTI bore the burden of establishing that a transaction was authorized. § 1693g(b).

25. YTI did not perform a reasonable investigation, pursuant to §1693f.

26. YTI did not perform a timely investigation, pursuant to §1693f.

27. YTI did not conclude its investigation within 45 days.

28. On or about August 11, 2022, a third party, Synapse, alleged that it issued a provisional credit to Weiss in the amount of $2,500, but it issued the provisional credit *after* 10-

business days, and issued the provision credit in an account that YTI locked Weiss out of, and therefore had no access to, in violation of the EFTA.

29. YTI did not issue a provisional credit for the total amounts in dispute.

30. YTI did not investigate Plaintiff's claims, except as set forth above.

31. YTI did not notify Plaintiff of the outcome of any investigation, except as set forth above.

## FIRST CLAIM FOR RELIEF
### (Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq*.)

32. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

33. Per the EFTA, Regulation E, and Regulation E's Official Interpretations, Defendant YTI bears the responsibility for unauthorized transfers like the present ones.

34. Further, once Plaintiff notified YTI of the unauthorized transfers, YTI was required to conduct a bona fide reasonable investigation to determine if fraud occurred as required by the EFTA.

35. YTI failed to conduct a reasonable investigation of Plaintiff's fraud complaint on 11 occasions.

36. A reasonable investigation would have included review of one or more of the following items, which would have led YTI to conclude that fraud had occurred and would have revealed, *inter alia*, the following:

    a. Plaintiff did not authorize the disputed transactions;

    b. Plaintiff promptly reported the fraudulent transactions;

  c. Plaintiff has no history of making false or unverifiable fraud reports;

  d. Plaintiff has no criminal history;

  e. Plaintiff has no history of irresponsible use of his account;

  f. No proof exists to refute Plaintiff's claim.

37. Furthermore, the EFTA places the burden of proof on the financial institution to demonstrate that challenged transfers were authorized or, if they were unauthorized, that the consumer can be held liable for them.  15 U.S.C. § 1693g(b).

38. This burden of proof cannot be and was not plausibly met with regard to the contested transactions.

39. YTI's acts and omissions set forth above constitute 11 separate violations of the EFTA.

40. As a direct and proximate result of YTI's 11 violations of the EFTA, Plaintiff is entitled to an award of actual damages ($42,900), statutory damages, attorney's fees and costs.

41. In light of the foregoing – in addition to all other relief sought herein – Plaintiff is also entitled to recover treble damages under Section 1693f(e) because YTI knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation.

### SECOND CLAIM FOR RELIEF
**(Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq*.)**

42. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

43. Defendant was required issue a provisional credit to Plaintiff for $42,900 because Defendant did not complete its 11 investigations within ten business days.

44. Defendant never issued any provisional credits within ten business days, in violation of the EFTA.

45. YTI's acts and omissions set forth above constitute 11 separate violations of the EFTA.

46. As a direct and proximate result of YTI's 11 violations of the EFTA, Plaintiff is entitled to an award actual damages ($42,900), statutory damages, attorney's fees and costs.

47. In light of the foregoing – in addition to all other relief sought herein – Plaintiff is also entitled to recover treble damages under Section 1693f(e) because (1) YTI did not provisionally recredit a consumer's account within the ten-day period, and YTI did not make a good faith investigation of the alleged error, or YTI did not have a reasonable basis for believing that the consumer's account was not in error.

### THIRD CLAIM FOR RELIEF
**(Deceptive Acts and Practices Unlawful, NYGBL § 349 *et seq.*)**

48. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

49. In the course of its dealings with Plaintiff, Defendant YTI has engaged in deceptive conduct in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of NYGBL § 349 independent of whether YTI's conduct violated any other law.

50. As set forth herein, Defendant engaged in (1) consumer-oriented conduct that is

(2) materially misleading and that (3) injured Plaintiff.

51. Further Defendant's deceptions were "consumer-oriented" because it had a broader impact on consumers at large.

52. Specifically, Defendant's deceptive conduct included:

    a. Intentionally misreporting an installment credit card as a loan on Plaintiff's credit report, pursuant to a self-conscious policy of Defendant which states that: "You might notice that your credit card might not be reported as a line of credit, but rather as a loan. This is done for the purpose of diversifying credit types to help boost your credit score."

    b. Intentionally false claims that YTI would, "report all on time payments to major credit bureaus to help boost your score, " when Defendant did not report to all of the three main Credit Bureaus – Experian, Equifax, and TransUnion.

    c. Intentionally and falsely advertising a metal credit card to be distributed to a customer in exchange for 10 referrals, and then not delivering on same because YTI was never in possession of same (though it received the benefit of the 10 referrals).

53. Upon information and belief, YTI's misconduct as set forth above is part of a recurring policy and practice of false advertisement.

54. These policies and practices have the potential to be repeated with regard to a large number of consumers.

55. Each of these deceptive acts and practices is one that has a broad impact on consumers.

    a. Due to these multiple, repeated violations of NYGBL § 349, Plaintiff has suffered

actual damages and is entitled to, actual damages, treble damages, punitive damages, declaratory judgment that YTI has violated the statute, injunctive relief barring YTI from henceforth committing the deceptive acts and practices set forth herein, costs, and reasonable attorney's fees.

**WHEREFORE,** Plaintiff seeks judgment in his favor and damages against Defendants:

A. Awarding Plaintiff against Defendants actual damages, treble damages, statutory damages, punitive damages, declaratory relief, injunctive relief, costs, and reasonable attorneys' fees on all causes of action; and

B. such other and further relief as may be necessary, just, and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: October 7, 2022
Mineola, NY

Respectfully submitted,

**RAYMOND NARDO, P.C.**

By: RAYMOND NARDO, ESQ.
129 Third Street
Mineola, NY 11501
(516)248-2121 (tel)
(516)742-7675 (fax)
Nardo@Raynardo.com