UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW WEISS,

                                Plaintiff,                              22-CV-8569 (JPO)

                -v-                                                     OPINION AND ORDER

YOTTA TECHNOLOGIES, INC.,

                                Defendant.


J. PAUL OETKEN, District Judge:

Plaintiff Matthew Weiss brought this action against Yotta Technologies, Inc., claiming that he was a victim of identity theft and that Yotta failed to promptly credit his account when notified of allegedly unauthorized transfers of funds from his account with Yotta.  Before the Court is Yotta's motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure against Mr. Weiss and his attorney.

I.      **Background**

On October 7, 2022, Weiss, through his attorney, Raymond Nardo, filed the complaint in this case.  (ECF No. 1 ("Compl.").)  The complaint alleged the following:

- In February 2022, Weiss opened an account with Yotta, which is a startup financial saving platform that allows users to deposit funds and win prizes in the form of a lottery.  (Compl. ¶¶ 12-15.)

- On six specific dates in July 2022, there were eleven fund transfers from Weiss's Yotta account, totaling $42,290, which Weiss did not authorize and from which he did not benefit.  (Compl. ¶¶ 16-19.)

- Weiss informed Yotta of the allegedly unauthorized transfers within sixty days. (Compl. ¶¶ 17, 20.)

- Yotta did not investigate Weiss's claims or issue a provisional credit for the allegedly unauthorized transfers.  (Compl. ¶¶ 29-30.)

The complaint asserted claims against Yotta under the federal Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1693 *et seq*., and New York state law.  (Compl. ¶¶ 32-55.)

On July 23, 2023, Yotta filed an answer denying the allegations of the complaint, asserting counterclaims for harassment and defamation, and requesting attorney's fees and costs for the filing of a frivolous and fraudulent lawsuit.  (ECF No. 35.)  The answer and counterclaims described third-party discovery indicating that Weiss in fact had authorized the eleven fund transfers himself.  (*Id.* at 14.)  It also noted that Weiss, represented by Nardo, had filed at least eleven "copy-cat" lawsuits in the United States District Court for the Eastern District of New York (EDNY) against various banks and other parties containing similar allegations of identity theft.  (*Id.* at 17-18.)  And it described a pattern of harassing, threatening, and offensive behavior by Weiss in his interactions with Yotta personnel.  (*Id*. ¶¶ 12-25.)

On August 23, 2023, Weiss filed a motion to dismiss Yotta's counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 45.)

On September 14, 2023, Raymond Nardo, counsel for Weiss, filed a letter motion requesting "that the matter be stayed immediately so that I can file a letter motion, under seal, to withdraw from this matter."  (ECF No. 50.)

On September 18, 2023, Yotta served Weiss's counsel with a letter pursuant to Rule 11(c)(2).  (ECF No. 65-9 ("Rule 11 Letter").)  The Rule 11 Letter (1) described third-party discovery showing that Weiss himself had initiated the disputed transfers, thus disproving his

claims, (2) discussed Weiss's litigation history, including his filing of fifty cases in Florida state court and eleven in the EDNY, and (3) enclosed a Florida arrest warrant for Weiss for falsely reporting a crime.  (Rule 11 Letter.)  The Rule 11 Letter demanded that Weiss immediately dismiss his claims with prejudice and remit Yotta's legal fees, and threatened to seek sanctions against Weiss, Nardo, and Nardo's firm.  (*Id*. at 9.)

Also on September 18, 2023, Nardo filed a motion to withdraw as counsel for Weiss, together with a declaration noting "irreconcilable differences" with his client.  (ECF Nos. 54, 55.)  Yotta requested an opportunity to oppose the withdrawal motion and stated that it intended to pursue Rule 11 sanctions against Weiss and Nardo.  (ECF No. 56.)

On October 4, 2023, the Court held a telephone conference with counsel for the parties. (*See* ECF No. 62 ("Conf. Tr.").)  Nardo, still counsel for Weiss, stated that he had offered to Yotta to dismiss the case *without* prejudice and indicated that he was still willing to do so.  (*Id.* at 6-7.)  Nardo did not believe he had the authority to dismiss his client's claims *with* prejudice. (*Id*. at 6.)  The Court inquired with Yotta's counsel whether Yotta would consent to a dismissal of all claims without prejudice, clarifying that the Court could retain jurisdiction to decide Yotta's anticipated sanctions motion.  (*Id.* at 7, 15.)  On October 25, 2023, Yotta stated in a letter that the parties had agreed to dismissal of all claims "without prejudice as previously indicated at the October 4, 2023 conference."  (ECF No. 60.)  On October 29, 2023, the Court issued an order (1) dismissing all claims and counterclaims in the case without prejudice, on consent of the parties, (2) "retain[ing] jurisdiction to resolve any motion for attorney's fees and/or other sanctions," and (3) setting a briefing schedule on Yotta's proposed motion for Rule 11 sanctions. (ECF No. 61.)

Following briefing on Yotta's motion for sanctions, the Court held an in-person hearing on May 16, 2024.  (*See* ECF No. 81.)

## II.    Discussion

Yotta moves pursuant to Rule 11 for sanctions against Weiss and his counsel.  Yotta argues that Weiss's claims are fabricated and that his counsel, Raymond Nardo, failed to conduct a reasonable investigation into the factual basis for those claims.  It contends that Nardo "knew or should have known the claims were patently false" and that "[e]ven a minimal prefiling inquiry would have irrefutably demonstrated that Plaintiff has a litigious history of inundating court dockets with sham copy-cat complaints and a history of making false reports."  (ECF No. 66-1 at 17.)[1]

### A.    Rule 11

Rule 11 "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed."  *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998).  "If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).  In other words, "Rule 11

---

[1] Yotta's letter motions to seal portions of Exhibits A, C, and H to its Rule 11 motion (ECF No. 64), and to seal portions of Exhibits I, J, and K to its reply brief in support of its Rule 11 motion (ECF No. 72), are granted in part and denied in part.  The motions are granted with respect to Exhibits A, C, I, and J, which contain personal identifying information of Weiss and are therefore properly redacted.  The motions are granted in part and denied in part with respect to portions of Exhibits H and K, which contain billing records of Yotta's counsel.  While the qualitative descriptions of attorney work and conversations contained in those exhibits are privileged, "overcom[ing] the presumption of access" to judicial documents, the "billing rates" and "billed amounts" are not.  *See Atlanta Credit Opportunities Fund SPC v. Bolivarian Repub. of Venez.* No. 20-CV-8402, 2023 WL 7924626, at *1-2 (S.D.N.Y. 2023).  Accordingly, Yotta is directed to file, and to serve on Weiss by mail, redacted versions of Exhibits H and K—and any additional billing records—by October 9, 2024.

provides a vehicle for sanctioning an attorney, a client, or both." *United States v. Int'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1343 (2d Cir. 1991).

Rule 11 also has a safe harbor for would-be violators. A Rule 11 motion "must be served" on the opposing party first, and it may not be filed with the Court if the challenged filing "is withdrawn or appropriately corrected within 21 days after service" of the motion. Fed. R. Civ. P. 11(c)(2).

The threshold dispute between the parties is whether Weiss and Nardo qualify for Rule 11's safe harbor such that sanctions under that Rule are precluded. Nardo argues that his motion to withdraw as counsel for Weiss satisfies the requirements of the safe harbor. But seeking to be relieved as counsel is not "withdraw[ing]" or "correct[ing]" the improper pleading or filing signed by the attorney. *See DeFrancesco v. Mirador Real Est*., No. 18-CV-4032, 2019 WL 5722120, at *5 (S.D.N.Y. July 15, 2019) (Katharine H. Parker, Mag. J.), *report and recommendation adopted*, No. 18-CV-4032, 2022 WL 203147 (S.D.N.Y. Jan. 24, 2022) ("[T]he filing of the motion to withdraw did not satisfy the purpose of the safe-harbor period— withdrawal or correction of the allegedly problematic factual contention . . . ."); *Heaston v. City of New York*, No. 19-CV-5569, 2022 WL 2106267, at *9 (E.D.N.Y. June 10, 2022) ("[T]he purpose of the safe-harbor period . . . is to allow the targets of sanctions to withdraw or correct [the improper filing], not simply withdraw from the case and wash their hands of the matter." (cleaned up)). Nardo's attempt to withdraw as counsel was not sufficient to benefit from Rule 11's safe harbor.

However, Nardo also agreed to dismiss all of Weiss's claims without prejudice, in communications with Yotta's counsel and again during the October 4, 2023, conference with the

Court—both within the twenty-one-day safe-harbor period. The Second Circuit has held that moving for voluntary dismissal without prejudice satisfies the safe harbor provision of Rule 11, even where the motion is "procedurally defective." *Thompson v. Steinberg*, No. 21-2444, 2023 WL 353359, at *3-4 & n.2 (2d Cir. 2023) (summary order). In *Mourabit v. Klein*, cited in *Thomas*, Judge Torres denied Rule 11 sanctions because "Plaintiff's counsel's [email] indicating that he was prepared to file a notice of voluntary dismissal [brought] him within the safe harbor provision." 393 F. Supp. 3d 353, 364 (S.D.N.Y. 2019), *vacated in part on other grounds on reconsideration*, No. 18-CV-8313, 2019 WL 4392535 (S.D.N.Y. Sept. 13, 2019). In *Robinson v. Alutiq-Mele, LLC*—also cited with approval by the Second Circuit in *Thompson*—Judge Gold of the Southern District of Florida found the defendant's refusal to consent to voluntary dismissal without prejudice during the safe harbor to be "contrary to the purpose of the safe harbor provision, to allow a party to avoid sanctions by withdrawing or correcting the challenged document." 643 F. Supp. 2d 1342, 1351 (S.D. Fla. 2009); *accord Carruthers v. Flaum*, 450 F. Supp. 288, 306 (S.D.N.Y. 2006) ("[A]s long as the plaintiff takes some step leading to the withdrawal of the offending claim—whether offering to withdraw the claim or moving for leave to withdraw them—Rule 11 will be satisfied, even if it takes longer for the requirements of Rule 41 to be completed.").

While Nardo did not formally move for dismissal without prejudice, he did agree to dismiss Weiss's claims without prejudice within the twenty-one-day safe-harbor period. And Yotta's insistence on dismissal *with* prejudice made it clear that it would oppose a motion to dismiss without prejudice. Nardo's offer to dismiss without prejudice, while short of a proper dismissal, as in *Thompson*, *Mourabit*, and *Robinson*, was sufficient to constitute compliance with the safe harbor's requirement to "withdraw" the defective pleading.

Because Nardo and Weiss complied with the safe harbor of Rule 11, Yotta's motion for sanctions under Rule 11 must be denied.

### B.    Inherent Authority

But that does not end the matter.  While Yotta moved for sanctions solely under Rule 11, this Court has "the inherent power to impose sanctions for the bad-faith conduct" of litigants— and Rule 11 does not displace that power.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). "A federal court may 'exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141 (2d Cir. 2023) (quoting *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013)).  Importantly, "whereas each of the other mechanisms [such as Rule 11 and 28 U.S.C. § 1927] reaches only certain individuals or conduct, the inherent power extends to a full range of litigation abuses."  *Chambers*, 501 U.S. at 46.  That form of sanction power works "to fill in the interstices" left by existing rules and statutes.  *Id.*  For example, "the amendment to § 1927 allowing an assessment of fees against an attorney says nothing about a court's power to assess fees against a *party*."  *Id.* at 48 (emphasis added).  "The Supreme Court has made clear that a district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992).  Such sanctions must be imposed "with restraint and discretion."  *Schlaifer Nance & Co., Inc. v. Est. of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999).[2]

---

[2] Rule 11's safe-harbor provision does not override a district court's inherent authority to impose sanctions for bad-faith litigation conduct.  While the Second Circuit has not explicitly addressed this issue, it has implied that Rule 11 and inherent-authority sanctions operate differently.  For example, in *Lawrence v. Richman Grp. of CT LLC*, the Second Circuit vacated an imposition of sanctions for failure to comply with the safe-harbor provision, but held that "the court's inherent authority" might "permit sanctions to be imposed for *any* conduct," while observing that its bad-faith requirement is higher than Rule 11's allowance for "sanctions to be

The subject of potential sanctions pursuant to the court's inherent authority "must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on the matter, and must be forewarned of the authority under which sanctions are being considered, and given a chance to defend himself against specific charges." *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997) (cleaned up); *see also Schlaifer*, 194 F.3d at 334 (extending the *Sakon* requirements for sanctioning an attorney to sanctioning a party). Finally, even where some sanction is warranted, courts are to consider sanctions lesser than outright dismissal, such as the award of attorney's fees. *See Shepherd v. Annucci*, 921 F.3d 89, 97-98 (2d Cir. 2019).

## ORDER TO SHOW CAUSE

The evidence presented by Yotta, and reviewed at length during the May 16, 2024, hearing, appears to present a substantial basis for a potential finding that Matthew Weiss engaged in bad-faith, vexatious, and/or oppressive litigation conduct by fabricating the claims in this case—specifically, that he falsely and intentionally claimed that the eleven fund transfers

---

imposed for filings that simply lack a reasonable basis in law or fact." 620 F.3d 153, 158 n.2 (2d Cir. 2010) (emphasis added). And in *Chong v. Kwo Shin Chang*, the Second Circuit summarily vacated and remanded a sanctions order that failed to comply with the Rule 11 safe-harbor provision because, "[a]lthough the court set out the applicable standards for sanctions under Rule 11, § 1927, and the court's inherent authority, it did not engage in separate consideration of the available sanctions machinery . . . ." 599 Fed. App'x 18, 19 (2d Cir. 2015) (summary order) (cleaned up). Underlying the Second Circuit's approach is the recognition that sanctions imposed pursuant to the court's inherent authority may be levied only upon a finding of bad faith, obviating the requirement for a safe harbor that protects attorneys and parties from much more innocent conduct that may be sanctionable under Rule 11. Other Circuits are in accord with that approach. *See, e.g., Goodvine v. Carr*, 761 Fed. App'x 598, 601-602 (7th Cir. 2019) (affirming a district court's sanction, based arguably on its inherent authority and despite substantial compliance with Rule 11's safe-harbor provision, because Rule 11 "does not principally target manufactured evidence or lies under oath," which is "litigation misconduct of a different degree"); *Elliot v. Tilton*, 64 F.3d 213, 216-17 (5th Cir. 1995) (reversing an imposition of Rule 11 sanctions because of the safe-harbor provision but remanding the case for consideration of inherent-authority sanctions under the bad-faith standard).

from his Yotta account in July 2022 were unauthorized and were not made by him.  There is thus "arguably a strong basis for this Court" to impose sanctions on Weiss for engaging in bad-faith litigation conduct.  *See Keitel v. D'Agostino*, No. 21-CV-8537, 2022 WL 17251372, at *2 (S.D.N.Y. Nov. 28, 2022).

Accordingly, Matthew Weiss is hereby ORDERED to show cause in writing, no later than November 1, 2024, why sanctions should not be imposed pursuant to the Court's inherent authority.  *See Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141 (2d Cir. 2023).  Defendants may, but are not required to, file a response to any submission by Weiss.  Any such response shall be filed by November 15, 2024.

Mr. Nardo shall serve a copy of this order on Mr. Weiss within one week after the date of this order and shall file proof of service on ECF.  Effective upon such filing of proof of service, Mr. Nardo's motion to withdraw as counsel to Mr. Weiss (ECF No. 54) is GRANTED.

Any response to the order to show cause filed by Mr. Weiss shall be mailed to:

> U.S. District Court
> Southern District of New York
> Pro Se Intake Unit
> Room 205
> 500 Pearl Street
> New York, New York 10007

## IV.    Conclusion

For the foregoing reasons, Defendant Yotta's motion for sanctions under Rule 11 is DENIED.  The Court continues to retain jurisdiction to consider and potentially impose further sanctions against Matthew Weiss pursuant to the Court's inherent authority, as described in the Order to Show Cause above.

Yotta's motions to seal Exhibits A, C, H, I, J, and K are GRANTED in part and DENIED in part. Yotta shall file, and shall serve on Weiss by mail, redacted versions of Exhibits H and K, and of any additional billing records, consistent with this Order by October 9, 2024.

The Clerk of Court is directed to terminate the motions at ECF Numbers 64, 65, 66, and 72.

SO ORDERED.

Dated:  September 25, 2024
         New York, New York

_____
            J. PAUL OETKEN
        United States District Judge